CATHING, guardian, *vs.* THE STATE OF GEORGIA.

62 243
109 603

The judgment and sentence of the superior court pronounced upon a criminal regularly convicted and undergoing the penalty inflicted, cannot be set aside on the motion of the natural guardian of said criminal. If the sentence or any part thereof be illegal, and the criminal is undergoing the sentence by imprisonment or restraint of his liberty, the remedy of his parent or other person entitled to his labor, he being a minor, is by writ of *habeas corpus*, and not by motion to annul the sentence.

Criminal law. Guardian and ward. Practice in the Superior Court. Before Judge BARTLETT. Greene Superior Court. September Term, 1878.

Reported in the opinion.

ANDREW J. SHANNON, by H. G. LEWIS, for plaintiff in error, cited Code, §§4467, 2926, 2927.

ROBERT WHITFIELD, solicitor-general, by BOLLING WHIT-FIELD, for the state, cited Code, §§3577, 3721, 3719, 3587; acts 1874, p. 28; 59 *Ga.*, 185.

JACKSON, Justice.

The defendant, being a minor, was sentenced to twelve months' work in the chain-gang, and to be hired out until the cost of the prosecution was paid. After the expiration of his term of imprisonment in the chain-gang, and pending his service as a hireling to pay cost, his natural guardian, as he styles himself, made a motion in the superior court to set aside the part of the judgment or sentence in relation to the hiring of the minor and to have restitution of the money paid by the hirer to the county. The court overruled the motion, and the movant excepted.

It seems to us clear that the court was right. No exception was taken to the sentence at the time it was pronounced; no motion was made for a new trial; and the sentence of the court, legal or illegal, was in regular process of execution.

Can this natural guardian interpose in this way?

We think not. The Code seems to confine the right of making the motion to set aside a judgment to the parties to the judgment—Code, §§3587, 3588. It would be very bad policy, we think, to permit anybody who might claim to be the natural guardian, or to hold other relations of like character, or to be interested in the labor of a convict, to move to set aside the sentence or any part thereof, while the same was being

executed. If such person, having an interest in law in the labor or personal service of a criminal minor under sentence and confined in suffering the penalty inflicted thereby, should desire to test the legality of the sentence under which the person in whom he has such interest is so confined, the law gives him a plain remedy by writ of *habeas corpus;* and if he be illegally hired out, and the county or other person has on hand the proceeds of such hire, he can, if he sees fit, test his right to recover it by action against the party so illegally receiving the hire. But, in a motion to set aside the judgment which sentenced the convict, the movant has no right to move for either.

So we affirm the judgment of the superior court dismissing the motion.

Judgment affirmed.